## COFFEE v. CREVELING.
### Patent Appeal No. 2733.

Court of Customs and Patent Appeals.
June 1, 1931.

Paul A. Blair and J. Harold Kilcoyne, both of Washington, D. C. (Robert S. Blair and William T. Knieszner, both of New York City, of counsel), for appellant.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office reversing the decision of the Examiner of Interferences awarding priority of invention to appellant.

The invention in issue relates to railway car lighting systems, wherein a generator driven from one of the axles of the car is employed to supply the lamps of the car with electricity and to charge a storage battery which supplies the lamps when the car is standing or running at a slow rate of speed, and particularly to automatic means for adjusting the voltage regulators in such systems only when they are ineffective, as more fully defined in the counts in issue.

Count 6 is sufficiently illustrative of the 14 counts involved. It reads:

"6. In a car lighting system, in combination, an axle-driven generator, a battery adapted to be charged thereby, an electro responsive regulator to control the generator in accordance with the relative normal state of charge of the battery, and automatic means operative only during regulating ineffectiveness of said regulator to establish the standard of subsequent effectiveness thereof in accordance with the actual capacity for charge of the battery."

Appellant, Coffee, the senior party, filed his application June 17, 1919.

Appellee, Creveling, filed his application May 24, 1920.

The real issue in the case is whether patent No. 1,419,494, issued to appellee, Creveling, June 13, 1922, on an application filed May 2, 1916, supports the counts in issue. If it does, it is admitted by counsel for appellant that appellee is entitled to an award of priority.

The Examiner of Interferences held that the means disclosed in the Creveling patent, No. 1,419,494, was so constructed and arranged as to change the adjustment of the voltage regulator when it was either effective or ineffective, and, as the counts in issue were limited to a means for changing the adjustment of the voltage regulator only when it was ineffective, the structure disclosed in the patent did not support the in-

volved counts, and, accordingly, awarded priority of invention to appellant.

The Board of Appeals agreed with the holding of the Examiner of Interferences that the Creveling patent, No. 1,419,494, disclosed means for changing the adjustment of the voltage regulator when it was either effective or ineffective. However, the Board, after carefully analyzing and describing the structure disclosed in the patent, held that the patent also disclosed means for changing the adjustment of the voltage regulator "only during regulating ineffectiveness of said regulator"; that the involved counts were readable on the Creveling patent; and that therefore appellee, Creveling, was entitled to an award of priority. In its decision, the Board, among other things, said:

"As to patent No. 1,419,494, relied on by Creveling as disclosing the subject matter of all of the counts, it is apparent that the patent discloses a car lighting system with a regulator, of the general type forming the subject matter of the issue, and it appears to be agreed that the carbon pile 54 of the patent is an element which can be operated to change the standard of regulation of the regulator. This carbon pile 54 is functionally related to the meter 60 thru gearing 59, 58 and arms 56, 57. The pile 54 is also functionally related to the magnet 61 by armature 62, spring 65 on disc 58 and arms 56, 57. It is contended by Creveling that the magnet 61 and its related parts are operative to change the standard of regulation of the regular, and to change it only while the regulator is ineffective. If this operation be possible with the construction shown, the construction would support all of the counts, as no other respect in which the construction fails to support the counts is urged.

"The examiner of interferences found that the meter 60 affected the standard of operation of the voltage regulator while the voltage regulator is effective, and also found that 54 might be changed, either by meter 60 or by magnet 61 releasing its armature 62, when the voltage regulator was ineffective, therefore concluding, since the standard of operation may be affected either when the voltage regulator is effective or when it is not effective, that the structure disclosed in the Creveling patent 1,419,494, will not support the functional limitations of the counts.

"The party Coffee does not agree entirely with the finding of the examiner of interferences, since the party Coffee argues that the magnet 61 can never affect resistance 54, but it is always the meter 60 itself that affects the resistance 54. The party Creveling admits in his brief that it is quite true that the meter mechanism 60 affects the standard of the voltage regulator by varying the resistance 54 while the regulator is effective, but points out that there may be any number of devices which affect the voltage regulator while the regulator is effective, so long as the system contains one means which shall affect the regulator only while the regulator is ineffective. Clearly resistance 54 is not such means, since 54 can be operated, as pointed out above, while the regulator is effective. Nor can 54 in combination with meter 60 be such means for the same reason. The only possibility of reading the counts on the Creveling patent 1,419,494, is to find such means in the magnet 61 and related parts operating on resistance 54.

"In the decision below it was clearly pointed out how the magnet 61 operating through armature 62, spring 65, disc 58 and levers 56, 57 might alter the resistance 54, and thus the standard of operation of the voltage regulator while the regulator is ineffective. This conclusion was reached notwithstanding the argument of the party Coffee to the effect that the magnet 61 can never affect resistance 54, but it is always the meter 60 itself that affects the resistance 64 [54]. To hold that 61 can have no effect as pointed out in the decision below to change the resistance 54 would be to ignore entirely the function of the element 61, which is clearly brought out in the patent to be to reset the metering mechanism to measure out a full charge to the battery if at any time its voltage fall below a predetermined limit. So long as the battery is connected to the generator, that is when the regulator is effective, there is voltage on magnet 61 which attracts the armature 62. It is only by removal or reduction of this voltage on magnet 61, to a value so low that generator 1 is no longer connected, i. e., voltage regulator ineffective, that magnet 61 is capable of effecting a change in resistance 54 under the circumstances pointed out below. This is quite independent of the fact that with lever 57 in the position shown in the patent drawing the magnet 61 is of course incapable of effecting any change in resistance 54. It is still true that under the circumstances indicated below the magnet 61 can change the resistance 54 and therefore the standard of operation of the voltage regulator while the regulator is ineffective.

"It remains only to note that the means 60, 59, 58, 57, 56, 54, which can change the

standard of operation of the voltage regulator either when the regulator is effective or when it is not effective, is not the means 61, 62, 65, 58, 57, 56, 54, which latter means, as indicated below, can also at times change the standard of operation of the voltage regulator, but for reasons fully explained hereinbefore can change it only when the regulator is ineffective. From what has already been said, it follows that all of the counts are readable upon the Creveling patent 1,419,494."

The brief of counsel for appellant contains a lengthy and technical discussion of the issues involved, and it is therein vigorously contended that the Board of Appeals erred in holding that the patent to Creveling disclosed means for changing the adjustment of the voltage regulator only when it is ineffective, as required by the counts in issue.

We have carefully considered the briefs of counsel and the decisions of the various tribunals of the Patent Office, and have reached the conclusion that the Board of Appeals has correctly construed the Creveling patent, No. 1,419,494; that it discloses means for changing the adjustment of the voltage regulator when it is either effective or ineffective, and also means for changing the adjustment when the regulator is ineffective only, as pointed out in the Board's decision; and that all of the involved counts are readable thereon. This being so, appellee is entitled to an award of priority of invention.

The decision is affirmed.

Affirmed.